## Bartlick *v.* Wortman, Appellant.

*Contract—Sale—Furniture in hotel—Delivery.*

Where the proprietor of a hotel, the furniture of which is owned by another, sells the hotel and agrees that out of the purchase money, the purchaser shall pay a certain sum to the owner of the furniture, and the owner of the furniture assents to the agreement, and the furniture is delivered to the purchaser, he cannot retain it and refuse to pay for it because a few articles were missing, but he must pay the contract price for the whole less the value of the missing articles. If the terms of the contract are disputed, or the contract wholly denied, the case is for the jury in a suit by the owner of the furniture against the purchaser.

Argued Oct. 12, 1906.    Appeal, No. 164, Oct. T., 1906, by defendants, from judgment of C. P. Armstrong Co., March T., 1906, No. 34, on verdict for plaintiff in case of E. J. Bartlick v. C. M. Wortman and C. A. Replogle, partners.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Assumpsit for the price of furniture in a hotel.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,354.10.    Defendants appealed.

*Errors assigned* were (1–16) various rulings on evidence and various instructions, including a refusal of binding instructions for defendants.

*M. F. Leason* and *C. E. Harrington,* for appellants.

*R. A. McCullough,* with him *H. A. Heilman,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 7, 1907 :

This is an action in assumpsit for goods sold and delivered, involving nothing but disputed questions of fact, and though, as is very properly said by the learned trial judge in his opinion overruling the motion for a new trial, " the case is not at all complicated, so far as the law is concerned," we have sixteen assignments of error before us.    It was the right of the

appellants to take this appeal, and it has been our duty to duly consider the assignments, each of which is dismissed as being without merit.

A. C. Bailey was the lessee of a hotel in Kittanning, and in May, 1904, sold out to the appellants. All that he had to sell was the license, the lease and the good will. The furniture belonged to other parties, among them the appellee. The price to be paid for everything was $6,000, and the appellants agreed to pay the same to parties to be designated by Bailey. According to the testimony of E. J. Bartlick, the appellee, he was first to be paid $2,150 for furniture belonging to him in the hotel. The appellants had the license transferred to themselves, took and retained possession of the hotel and paid to others than the appellee the amounts they were to receive. Though, according to the testimony offered by the appellee, the appellants agreed, with the consent of Bailey, to pay him $2,150 for his furniture in the latter's possession, they refused to do so, and as one of the covenantees in their contract with Bailey, he brings this suit for the breach of the covenant with him. For failure to keep the promise to pay him for his goods he had his independent cause of action. Bailey could not have sued for the whole of the purchase money, for the agreement was not to pay it to him, but to others under his direction, who agreed to part with their property and delivered it to the appellants.

It was, of course, incumbent upon the appellee to show that his goods had been delivered to the appellants. Bailey testifies to their delivery. He says that, with a list of Bartlick's goods, he went through the hotel with one or both of the appellants and found them all there, with the exception of some articles worth in the aggregate about $25.00 or $50.00. There was other testimony on the part of the plaintiff tending to show delivery. The appellants denied both the contract to pay Bartlick and the delivery of the goods to them. The case became one simply of disputed facts which were not involved and to which the plain law was properly applied by the court. The jury were instructed that, if they found the appellants had received and retained goods belonging to the appellee, they could not keep possession of them and refuse to pay for them because they had not received some of the articles which

he had agreed to deliver to them, but that they would have to pay for what they had retained, the contract price for the whole, less the value of the articles they had not received. The jury found that there had been a delivery to them of all but $50.00 worth, for their verdict was for $2,354.10, representing $2,100 of principal and interest on the same from May 31, 1904, to the day the verdict was rendered. No good purpose can be served by any further discussion of this case.

Judgment affirmed.